899 F.2d 20
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Orian E. WRIGHT and Mary M. Wright, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-70077.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1990.*
Decided March 21, 1990.
 Before JAMES R. BROWNING, ALARCON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orian and Mary Wright appeal, pro se, from a Tax Court decision upholding the Commissioner of Internal Revenue's (CIR) assessment of deficiencies and additions to tax pursuant to sections 6651(a)(1), 6653(a), and 6654(a) of the Internal Revenue Code (Code) against them for the tax year 1981. See 26 U.S.C. Secs. 6651(a), 6653(a), and 6654(a). The Tax Court found that while both Orian and Mary Wright had received income in the form of wages during the 1981 tax year, neither had filed a 1981 federal income tax return or paid any federal income tax. The Tax Court also found that the Wrights' claims were frivolous and awarded the CIR $5,000 in damages pursuant to section 6673 of the Code. See 26 U.S.C. Sec. 6673. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We affirm the Tax Court's decision and impose sanctions of $1,500 requested by the CIR.
 
 
 3
 The Wrights raise a litany of arguments which can be summarized as follows: (1) the CIR should not be entitled to a presumption of correctness because the CIR's determination of deficiencies was without any minimal evidentiary foundation; (2) because the Wrights did not file tax returns for tax year 1981, and because the Secretary of Treasury did not file any involuntary returns for them pursuant to section 6020(b)(1) of the Code, the CIR's "determination" of a "deficiency" under sections 6211 and 6212 of the Code was improper and without effect; (3) the Internal Revenue Service (IRS) is not statutorily authorized to levy an income tax on United States citizens who reside in the United States and whose income is derived from domestic sources, nor are such citizens required to file any return for such domestic source income; and (4) the federal income tax, as applied to citizens residing in the United States, is a direct tax and as such is unconstitutional unless apportioned. The Wrights' contentions are without merit.
 
 
 4
 First, the CIR's determinations are entitled to a presumption of correctness. See Rockwell v. CIR, 512 F.2d 882, 885 (9th Cir.), cert. denied, 423 U.S. 1015 (1975). Moreover, the CIR did have a minimal evidentiary foundation for its determination of the Wrights' deficiencies because the CIR used the W-2 Forms from the Wrights' respective employers and because the Wrights stipulated to the CIR's calculation of their 1981 earnings.
 
 
 5
 Second, section 6020(b)(1) does not make it mandatory that the Secretary of the Treasury file a tax return before issuing a statutory notice of deficiency. Roat v. CIR, 847 F.2d 1379, 1381 (9th Cir.1988); see generally, United States v. Carlson, 617 F.2d 518 (9th Cir.), cert. denied, 449 U.S. 1010 (1980) (voluntary self-reporting is the bulwark of our federal income tax system). Thus, the CIR's issuance of notices of deficiency to the Wrights, without filing involuntary returns, was proper.
 
 
 6
 Third, section 1(d) of the Code imposes an income tax on married individuals who do not file a joint return. See 26 U.S.C. Sec. 1(d); 26 C.F.R. Sec. 1.1-1 ("[s]ection 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States") (emphasis added). Thus, the Wrights, as citizens, are liable for federal income tax. See id. Moreover, their "domestic" wages are income subject to federal income tax. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988).
 
 
 7
 Finally, this circuit has held that "income may be taxed without apportionment under the Sixteenth Amendment." Id. at 1008 n. 3. Thus, the Wrights' claim that the federal income tax, as applied to citizens residing in the United States, is unconstitutional unless apportioned is without merit.
 
 
 8
 Because these arguments were meritless, the Tax Court properly dismissed the Wrights' petition.
 
 
 9
 The Tax Court also imposed $5,000 in damages pursuant to section 6673 of the Code. Section 6673 authorizes the Tax Court to impose damages (up to $5,000) on a taxpayer who maintains a proceeding primarily for delay or brings a frivolous or groundless suit. 26 U.S.C. Sec. 6673. Because the arguments advanced by the Wrights have no basis in the law, the Tax Court did not abuse its discretion by imposing damages. See, e.g., Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 10
 The CIR requests $1,500 damages as a sanction. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). The Wrights' claims are wholly without merit. Accordingly, we impose sanctions on the Wrights of $1,500.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3