ORIAN E. WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 31592-88
United States Tax Court
T.C. Memo 1990-319; 1990 Tax Ct. Memo LEXIS 344; 59 T.C.M. (CCH) 1002; T.C.M. (RIA) 90319; June 26, 1990, Filed *344 An appropriate order and decision will be entered. Orian E. Wright, pro se. Kathryn E. Rooklidge, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, unless otherwise indicated. All rule numbers refer to the *345 Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim filed pursuant to Rule 40 and respondent's Motion for Assessment of Damages under section 6673. Petitioner filed an Objection and an Amendment to Petition. Respondent determined a deficiency and additions to petitioner's Federal income tax as follows: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6654(a)
6653(a)(1)
6653(a)(2)
1983
$ 3,096.00
$ 774.00
$ 189.53
$ 154.80
*
Respondent's determinations are based upon the failure of petitioner to report various items of wage income, interest, and unemployment compensation. Petitioner admits in his petition and amendment to petition that he is a United States citizen and, during the years at issue, earned his living as a union electrician doing electrical construction work *346 for various electrical contractors within the State of California. He alleged that he did not reside in any foreign country or within any territory of the United States and that therefore he is "not engaged in any activity upon which Congress has imposed a tax under the provisions of subtitle A of the Internal Revenue Code." Petitioner makes further allegations in the petition, common in tax protester petitions, regarding the method in which he was selected for audit, as well as the audit techniques utilized by respondent. Petitioner asserts that as a citizen and resident of the "Republic of the State of California," he is exempt from unapportioned tax under Article IV, section 2, clause 1 of the United States Constitution. The short answer is that petitioner is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). In his petition and amendment to petition, petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. *347 696 F.2d 1234 (9th Cir. 1983). We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." After review of petitioner's petition and amendment to petition, we agree with respondent that the petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. Congress has granted this Court the authority to award the United States damages (now called a penalty) up to $ 5,000, [1] whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that *348 the taxpayer unreasonably failed to pursue administrative remedies. Sec. 6673. We find petitioner's claims to be frivolous, groundless, and instituted primarily for delay. This petitioner has been in this Court before and has raised similar tax protester arguments. In docket No. 26062-89, such arguments were rejected and damages of $ 5,000 were awarded to the United States. Wright v. Commissioner, T.C. Memo. 1990-232. In that opinion, we set forth other dockets in which petitioner made frivolous tax protester arguments. For completeness, we reiterate that history. In docket No. 32226-84, petitioner argued that wages earned *349 by American citizens were not subject to Federal income tax. The Court held that this position is "attenuated, obscure and frivolous. See United States v. Romero,640 F.2d 1014 (9th Cir. 1981)." Wright v. Commissioner, T.C. Memo. 1988-552, affd. without opinion 899 F.2d 20 (9th Cir. 1990). This Court awarded damages to the United States in the amount of $ 5,000. In docket Nos. 33475-86 and 2321-87, petitioner and his wife again raised frivolous tax protester arguments. The Court granted respondent's motions for judgment on the pleadings and awarded total damages of $ 5,000. In docket No. 1163-87, we granted respondent's motion for summary judgment, and held that the position maintained by petitioner and his wife in that case was frivolous. We again awarded damages of $ 5,000. The decisions in docket Nos. 33475-86, 2321-87, and 1163-87 were affirmed by the Ninth Circuit. Since we have found petitioner's claims in the instant case to be frivolous, groundless, and instituted primarily for delay, we award the United States damages (penalty) in the amount of $ 3,000. An appropriate order and decision will be entered.
Footnotes
*. 50 percent of the interest due on $ 3,096.00, the underpayment of tax due to negligence.↩
1. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2301, 2400, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date. Respondent only requested $ 5,000 in damages (penalty) in his motion in this case.↩