993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merton W. PEKRUL; Linda L. Pekrul, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70761.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Merton and Linda Pekrul appeal pro se the tax court's dismissal for failure to state a claim for relief of their petition for redetermination of tax deficiencies and additions to tax asserted against them by the Commissioner of Internal Revenue (Commissioner) for the tax years 1984, 1985 and 1988. The tax court also imposed a $2,500 penalty on the Pekruls under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482, and we affirm both the dismissal and the imposition of the penalty. We also impose $1,500 damages as a sanction against the Pekruls for filing a frivolous appeal.
 
 
 3
 We review de novo the tax court's dismissal of an action for failure to state a claim. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). We review for abuse of discretion the tax court's imposition of a penalty under 26 U.S.C. § 6673. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam).
 
 
 4
 * The Commissioner's deficiency determinations as to the taxes and penalties owed by the Pekruls are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Accordingly, in challenging these determinations in tax court the Pekruls had the burden of proving the determinations incorrect. See id. The Pekruls were required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 5
 The Pekruls failed to carry their burden. Instead, they argued, as they do on appeal, that although they both were born in the United States and resided in Arizona during the years in question, they are neither citizens nor residents subject to income taxation. They claim instead that they are nonresident aliens whose income is not taxable. As did the tax court, we reject this frivolous argument because the Pekruls clearly are "taxpayers" whose wages are subject to federal income tax. See U.S. Const. amend. XVI; 26 U.S.C. § 1(c); Treas.Reg. § 1.1-1; United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"); Wilcox, 848 F.2d at 1008 n. 3. The Pekruls raise no other issues on appeal.
 
 II
 
 6
 The tax court imposed a $2,500 penalty on the Pekruls pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. The tax court did not abuse its discretion by doing so. See Grimes, 806 F.2d at 1454.
 
 III
 
 7
 The Commissioner requests sanctions against the Pekruls for filing a frivolous appeal. This appeal is frivolous because the result is obvious and the Pekruls' arguments are wholly without merit. See Wilcox, 848 F.2d at 1009. Therefore, although the Pekruls are pro se litigants, in exercise of our discretion we impose damages in the amount of $1,500 as a sanction against the Pekruls. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d 1008-09.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3