John A. GRIMES, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 86–7007.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 1986.*

Dec. 30, 1986.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

John A. Grimes, El Cajon, Cal., for petitioner-appellant.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Mary Frances Clark, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TANG, FERGUSON and HALL, Circuit Judges.

PER CURIAM:

John A. Grimes appeals the Tax Court's dismissal of his petition for a tax deficiency redetermination, for failure to state a claim upon which relief may be granted. He also appeals the Tax Court's award of $5000 in damages to the government pursuant to section 6673 of the Internal Revenue Code. The government seeks sanctions on the grounds that Grimes's appeal from the decision of the Tax Court is frivolous. We affirm the Tax Court's dismissal of Grimes's petition and its award of damages, and we impose further sanctions pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38.

I.

On March 26, 1985, the Commissioner of Internal Revenue issued a notice of deficiency to Grimes determining his deficiency for 1981 federal income tax. The deficiency was calculated by assessing taxes due on Grimes's total taxable income, including his wages.

On June 26, 1985, Grimes filed a petition in the United States Tax Court seeking a redetermination of the deficiency. Grimes

acknowledged the receipt of wages, which he referred to as "gross receipts," but argued that he was constitutionally entitled to an exemption for expenditures to provide his family with the "American Standard of 'good living.'" Grimes contended that, applying this purported exemption, he owed no taxes as his "gross receipts" were "entirely consumed" in providing for his family.

The trial judge dismissed the petition for failure to state a claim upon which relief may be granted. Finding Grimes's petition to be frivolous, completely without merit, and initiated primarily for reasons of delay, the judge awarded damages of $5000 to the government, pursuant to section 6673. The Tax Court adopted and approved the memorandum and order of the judge, dismissing Grimes's petition and imposing damages. Grimes timely appeals. This court has jurisdiction pursuant to 26 U.S.C. § 7482.

## II.

This court reviews decisions of the United States Tax Court on the same basis as decisions in civil bench trials in United States District Courts. *Mayors v. Commissioner*, 785 F.2d 757, 759 (9th Cir.1986) (citing *Commissioner v. Duberstein*, 363 U.S. 278, 290–91, 80 S.Ct. 1190, 1199–1200, 4 L.Ed.2d 1218 (1960)). Dismissal for failure to state a claim upon which relief can be granted is a question of law and is reviewed de novo. *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984). A complaint will be dismissed for failure to state a claim only if it appears beyond doubt that a petitioner could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The allegations of a pro se petitioner are viewed under an even less stringent standard. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir.1977) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)).

■ Grimes contends that the Commissioner erroneously calculated his tax deficiency by disallowing an exemption or deduction for the cost of providing his family with the "American Standard of 'good living,'" and that the Tax Court erred in dismissing his petition without allowing him to submit proof of this expenditure.[1] There can be no doubt that the tax on income is constitutional and that, for the purpose of the Sixteenth Amendment, income includes "gain derived from capital, from labor, or from both combined." *Eisner v. Macomber*, 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920). Sections 1 and 61 of the Internal Revenue Code impose a tax on income, and wages are income. *See Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984) (claim that wages are not income is frivolous). Taxable income is gross income reduced by allowable deductions. 26 U.S.C. § 63. Exemptions and deductions are a matter of legislative grace existing only by virtue of specific legislation. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934); *Max Sobel Wholesale Liquors v. Commissioner*, 630 F.2d 670, 671 (9th Cir.1980).

Section 151 of the Internal Revenue Code specifically sets forth the exemptions allowed for a taxpayer and the taxpayer's family. That section does not authorize exemptions of the kind that Grimes claims. Moreover, 26 U.S.C. § 262 expressly prohibits deductions for "personal, living, or family expenses." Because there is no statutory provision for the deduction Grimes claims, his income in the form of wages is subject to taxation. *See New Colonial Co.*, 292 U.S. at 440, 54 S.Ct. at 790. Grimes's claim that the statute relates only to deductions and not to the "principle of exemption," which he argues is constitutionally protected by the United Nations Charter is preposterous. Grimes failed, therefore, to present any justiciable error in his petition for redetermination, as

---

**1.** Grimes does not contend that wages are not income or that they are not subject to taxation. Grimes has made, and lost, those arguments on

two previous occasions. *Grimes v. Commissioner*, 82 T.C. 235 (1984); *John A. Grimes*, 48 T.C.M. (P–H) ¶ 79,514 (1980).

required by Tax Court Rule 34(b)(4). The Tax Court thus correctly dismissed his case for failure to state a claim upon which relief can be granted.

## III.

■ Grimes contends that the Tax Court erred in imposing damages pursuant to 26 U.S.C. § 6673.[2] The Tax Court's award of damages is reviewed for abuse of discretion. *Larsen v. Commissioner,* 765 F.2d 939, 941 (9th Cir.1985).

Grimes's sole legal challenge to the Commissioner's deficiency determination was his claim that his wages, which he refers to as "gross receipts," are not taxable because of a "principle of exemption." This claim is contrary to the plain language of the statute and to well-established legal principles.[3] It was not therefore an abuse of discretion for the Tax Court to find Grimes's petition frivolous and award damages against him. Further, Grimes had on two previous occasions presented arguments lacking any legal basis to the Tax Court,[4] and should by now be well aware of his legal obligation to pay taxes on his wages, subject only to the deductions authorized by Congress and set forth in the Internal Revenue Code.

## IV.

The Commissioner asks this court to impose sanctions on Grimes for pursuing a frivolous appeal. This court has discretion to impose such sanctions pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38.

■ We are sensitive to the obligation of the courts to provide access for petitioners seeking in good faith to avail themselves of the protection of the law, and we do not impose sanctions lightly. We are also aware that an appeal that lacks merit is not always frivolous. These principles do not, however, inhibit the court from imposing sanctions when presented with unsupportable appeals, presenting no colorable claim of error. Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit. *Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984) (citing *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir.1983)).

■ Grimes's arguments regarding the "principle of exemption" lack any semblance of merit. They are contrary to specific and unambiguous statutory provisions and to clearly established principles of law. The Tax Court clearly stated its reasons for rejecting Grimes's claims and the result of this appeal was obvious. As this court has noted before, "[m]eritless appeals of this nature are becoming increasingly burdensome on the federal court system." *Edwards v. Commissioner,* 680 F.2d 1268, 1271 (9th Cir.1982). The purpose of Rule 38 and section 1912 is to induce litigants to conform their behavior to the governing rules, regardless of their subjective belief. Groundless litigation of the kind pursued here by Grimes diverts the resources of the judicial system from more serious claims, and imposes unnecessary costs on other litigants. Even though Grimes is proceeding pro se, sanctions are appropriate. We award damages to the government in the amount of $1500.

**AFFIRMED WITH SANCTIONS.**

---

**2.** 26 U.S.C. § 6673 provides: "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision."

**3.** The Supreme Court stated in *New Colonial Co. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1933), that "[t]he power to tax income ... is plain and extends to the gross income. Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." The Court continued "[o]bviously, therefore, a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." *Id.; see also Hokanson v. Commissioner,* 730 F.2d 1245, 1250 (9th Cir.1984).

**4.** *See supra* note 1.