943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick M. FOX, Michele B. Fox, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1991.
Decided Sept. 6, 1991.
 
 1
 Before HUG and POOLE, Circuit Judges, and ATKINS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In this appeal from the tax court decision, several issues are raised in appellants' pro se brief and in the supplemental briefs filed by counsel.
 
 
 4
 1. The tax court disallowed the deduction of the loan points in the year they were withheld by the lender. Our circuit law is clear that when points are withheld from loan proceeds, the cash-basis taxpayer is not considered to have paid the interest. "A cash-basis taxpayer 'pays' interest only when he pays cash or its equivalent to his lender." Wilkerson v. C.I.R., 655 F.2d 980, 982 (9th Cir.1981). When interest is withheld from loan proceeds, it is considered to have been paid by a note, not cash or its equivalent. Id.
 
 
 5
 Taxpayers rely on 26 U.S.C. § 461(g)(2) and contend that this provision alters this requirement. However, that section only relates to interest that has been paid. Section 461(g)(1) requires that, even when points have been paid, they normally must be allocated to the years to which the interest represents a charge for the use or forbearance of money (in effect, over the life of the loan). Section 461(g)(2) creates an exception to section 461(g)(1) in the case of points paid on a loan that is procured for purchase or improvement and is secured by the taxpayers' principal residence. However, in order to derive the benefit of section 461(g)(2), the points must still be paid to the lender as required by Wilkerson. A deduction from the proceeds is not payment. Wilkerson, 655 F.2d at 982. Thus, whether the proceeds of the loan, or some of them, were used to purchase or improve a residence makes no difference because the interest represented by the points was not paid to the lender.[1]
 
 
 6
 2. The taxpayers challenge the disallowance of rental loss deductions. The tax court found that the taxpayers had failed to establish that properties B and C were held for the production of income and that taxpayers had failed to show the number of days property A was used for personal purposes during the first half of 1980. These findings were adequately supported and are not clearly erroneous. Thus, the deductions were properly disallowed.
 
 
 7
 3. Taxpayers challenge the finding of negligence under 26 U.S.C. § 6653(a). Because this determination is deemed presumptively correct and is required to be upheld unless the taxpayer can establish that he was not negligent, we routinely affirm such determinations unless the taxpayer can meet this burden. Hall v. C.I.R., 729 F.2d 632, 635 (9th Cir.1984). We uphold this finding in light of taxpayers' specific concession of negligence.
 
 
 8
 4. Taxpayers also challenge the award of damages under 26 U.S.C. § 6673. This determination is reviewed for an abuse of discretion. Grimes v. C.I.R., 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). We conclude the tax court acted within its discretion because of taxpayers' repeated assertions of frivolous tax protester arguments, even after being cautioned by the court that the continued assertion of these frivolous arguments would subject them to damages. In addition, there was continued activity by the taxpayers which delayed and protracted the proceedings.
 
 
 9
 The Government has requested that sanctions be awarded for pursuing a frivolous appeal. We decline to do so.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The brief of the University of Idaho Legal Clinic makes an economic argument that payment of points is not actually a prepayment of interest but a marketing device substituting for interest. However, the brief acknowledges that, in order for there to be an authorized deduction at all, points must be classified as interest. Thus, the requirement that the interest must be paid in cash or the equivalent still pertains
 The brief asserts, however, that section 461(g)(2) altered those requirements. The brief relies on a sentence of a Committee report but fails to quote the immediately preceding sentence. When the two sentences are read together the exact opposite intent is apparent. The Committee report states:
 The Committee does not intend the new rule to change the treatment of a discount loan under present law by a cash method taxpayer. Nor does the new rule prevent the Treasury from treating interest as paid under the terms of a discount loan rather than under a conventional loan as prepaid interest.
 S.Rep.No. 94-938 at 105, reprinted in 1976 U.S.Code Cong. & Admin.News 3439, 3541; H.R.Rep. 94-658 at 101, reprinted in 1976 U.S.Code Cong. & Admin.News 2897, 2996.
 It is apparent Congress did not intend to alter the existing law as expressed in Wilkerson even though, conceivably, it authorized the Treasury to establish regulations that would provide otherwise. No such regulations have been established.