968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Segundo A. UNPINGCO; Pacific Equity and Capital Enterprises
Inc., Plaintiffs-Appellants,
v.
BABA CORPORATION; Northern Development Corporation;
Macau-Hong Kong Corporation; Paul Bordallo,
Defendants-Appellees.
 No. 91-16101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided July 15, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Plaintiffs-Appellants Pacific Equity, Capital Enterprise, Inc., and Segundo Unpingco appeal from the dismissal of a complaint seeking to terminate a lease under the provisions of the Guam unlawful detainer statute for the non-payment of taxes by Defendants-Appellees Baba Corporation, Northern Development Corporation, Macau-Hong Kong Corporation, and Paul Bordallo.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 In 1962, Jose and Vicenta Unpingco, Plaintiffs-Appellants' ancestors, executed a lease of real property to Paul Bordallo for a term of fifty-nine years, to be automatically extended for two terms of twenty years each ("Lease"). In 1986, Bordallo, in conformance with the terms of the Lease, assigned the Lease to Northern Development Corporation and Macua-Hong Kong Corporation ("Assignment"). Northern Development and Macua-Hong Kong, in turn, assigned the lease to Baba Corporation in 1990.
 
 
 4
 In May of 1990, Plaintiffs-Appellants ascertained that there were outstanding taxes on the property in the amount of $22,250.04, for tax years 1986-1989. Without notifying Defendants-Appellees, Plaintiffs-Appellants paid the taxes in June of 1990. On August 2, 1990, Plaintiffs-Appellants served on each Defendant-Appellee a three-day notice ("Notice") to surrender possession of the property for unlawful detainer pursuant to Guam Civil Procedure Code section 1161(3). On August 3, 1990, Defendants-Appellees attempted to give a cashier's check for the amount due to the employee of the law firm that represented Plaintiffs-Appellants and served the August 2 notice. The representative refused to accept the check. On August 4, 1990, the Defendants-Appellees then sent the check via courier service to counsel for Plaintiffs-Appellants; the check was returned. Defendants-Appellees remained on the property, and on September 22, 1990, again were served with a copy of the same notice to surrender possession of the property. On October 1, 1990, Plaintiffs-Appellants filed a Complaint for Unlawful Detainer in the Superior Court of Guam.
 
 
 5
 The superior court granted the Defendants-Appellees' motion to dismiss on three alternative grounds: one, that the Plaintiffs-Appellants failed to follow the notice procedures set forth in the Lease regarding the payment of taxes; two, that the Plaintiffs-Appellants failed to follow the notice procedures set forth in Guam Civil Procedure Code section 1161(3); and three, that pursuant to the licensing requirement provision in Guam Government Code section 16027, Plaintiffs-Appellants, who did not have a business license, were foreclosed from bringing an action in the superior court. The Appellate Division of the District Court of Guam affirmed.
 
 ANALYSIS
 
 6
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review decisions of the Appellate Division of the District Court of Guam de novo. Guam v. Yang, 850 F.2d 507, 511 (9th Cir.1988) (en banc).
 
 
 7
 The Lease provides in relevant part as follows:
 
 
 8
 6. Lessors agree to pay all taxes and assessments, special or otherwise, that shall or may be levied against Lessors solely with reference to the demised real property, exclusive of any improvement to be made thereon by the Lessee.
 
 
 9
 7. Lessors covenant that if Lessors shall fail to pay any of said taxes on the real property, special or otherwise, provided for in Paragraph Six, then the Lessee shall have the right to pay the same and any such payments made by the Lessee shall be deducted from the next rental or rentals due hereunder from the Lessee after written notice and proof of payments to Lessors.
 
 
 10
 14. It is hereby further covenanted, stipulated, and agreed by and between the parties hereto, that the Lessors shall, at their option, have the right at all times during said demised term, to pay any rates, taxes, assessments, ... and to pay, cancel and clear off all tax sales, liens, charges and claims upon or against said demised premises or reversionary interest therein, and to redeem said premises from the same, or any of them, from time to time, and the amount paid, including reasonable expenses, shall be so much additional rent due from the Lessee at the next rent day after such payment, with interest thereon at the rate of seven (7%) percent per annum....
 
 
 11
 15. ... that in case, at any time, default shall be made by the Lessee, in the payment of any of the rent herein provided for upon the day the same becomes due or payable, and such default shall continue thirty (30) days, after notice thereof in writing by the Lessors, or their agents or attorneys to said Lessee, it shall and may be lawful for the Lessors, at their election, at or after the expiration of thirty (30) days, previous notice in writing, to declare the said demised term ended....
 
 
 12
 26. The lease shall contain the following covenants by the Lessee:
 
 
 13
 (a) to pay the said rent on the days and in the manner aforesaid and to pay all taxes, rates, and assessments whatsoever; ....
 
 
 14
 The Assignment provides in relevant part as follows:
 
 
 15
 5. ASSUMPTION OF OBLIGATIONS. Assignee hereby expressly assumes and agrees to keep, perform, and fulfill all the terms, covenants, conditions and obligations required to be kept, performed, and fulfilled by Assignor as Lessee under the Lease, including the making of all payments due to or payable on behalf of Lessor under the Lease when due and payable.
 
 
 16
 6. PAYMENT OF TAXES AND RENT. Although not required by the express terms of the Lease, and notwithstanding the validity or invalidity of paragraphs 6 and 7 of the Lease, Assignee further agrees to pay, in addition to rent, any and all real property taxes on the Property when due and payable, including any past due taxes, as well as past due rent, if any, and shall indemnify discharge and hold Assignor harmless.
 
 
 17
 Guam Civil Procedure Code section 1161(3) provides that a tenant is guilty of unlawful detainer for continuing in possession of the property after a breach of a condition or covenant of the lease or agreement under which the property is held. Guam Civ.Proc.Code § 1161(3) (1970 & Supp.1974)
 
 
 18
 Plaintiffs-Appellants brought this unlawful detainer action based on the Defendants-Appellees' failure to pay taxes as required by the Assignment. They do not allege a breach of the Lease. According to the Plaintiffs-Appellants, the terms of the Assignment modify the Lease and govern the rights and liabilities of itself and the assignees, Defendants-Appellees. This argument is crucial to Plaintiffs-Appellants' arguments because the Lease, unlike the Assignment, is ambiguous as to whose duty it is to pay any and all taxes on the property. Further, the Lease, unlike the Assignment, requires that the Plaintiffs-Appellees provide the lessee with a written thirty-day notice before electing to hold the lessee in breach of the Lease.
 
 
 19
 We disagree with Plaintiffs-Appellants' interpretation of the applicable contract law. Where, as in the case at bar, the assignee expressly assumes the obligation of the lease, privity of contract is created between the lessor and assignee. Bank of Am. Nat'l Trust & Savings Ass'n v. Moore, 64 P.2d 460, 463 (Cal.App.1937); Realty & Rebuilding Co. v. Rea, 194 P. 1024, 1026 (Cal.1920); Kelly v. Tri-Cities Broadcasting, Inc., 195 Cal.Rptr. 303, 307 (Cal.App.1983) (applying Moore ).[1] The conditions of the lease measure their rights and liabilities. Moore, 62 P.2d at 463; Rea, 194 P. at 1026. Plaintiffs-Appellants were not a party to the Assignment and cannot claim rights under that agreement. Thus, Plaintiffs-Appellants only could enforce the terms of the Lease against Defendants-Appellees. Since the Lease was ambiguous as to who was to pay taxes, and since the Plaintiffs-Appellants failed to provide Defendants-Appellees with a written, thirty-day notice giving them opportunity to add the debt to their next months rent, Plaintiffs-Appellants cannot maintain this action.
 
 
 20
 Plaintiffs-Appellants' reliance on Fifth & Broadway Partnership v. Kimny Inc., 162 Cal.Rptr. 271 (Cal.App.1980), is misplaced. In that case, the lease provided that the lessor had the option of giving the lessee notice or declaring the lease terminated and instituting an unlawful detainer action. In this case no such option existed. Plaintiffs-Appellants' recitation of part of the Lease providing that the Lease is not "exclusive of any rights or priorities allowed by law," does not render the notice requirement of paragraph 15 null.
 
 
 21
 Moreover, even assuming Defendants-Appellees had a duty to pay the taxes on the property, Plaintiffs-Appellants also failed to comport with the notice requirements of section 1161(3). Section 1161(3) mandates that unless the "conditions and covenants of the lease violated by the lessee cannot afterwards be performed," the lessor must serve written notice three days prior to instituting the action, allowing the tenant opportunity to cure. Guam Civ.Proc.Code § 1161(3). Plaintiffs-Appellants do not dispute that they did not allow the Defendants-Appellees this opportunity. Instead, Plaintiffs-Appellants contend that they did not need to allow Defendants-Appellees the opportunity to cure the alleged default since the taxes already were paid and a "cure" was thus impossible. This argument is specious. Paragraph 14 of the Lease expressly provides that any payment of taxes by Lessor shall be treated as rent due Lessee on the next rent day. Once the Defendants-Appellees were informed of the non-payment of taxes, they did attempt to cure the alleged default by proffering a check for the full amount of the taxes, which Plaintiffs-Appellants refused to accept.
 
 
 22
 Because we find that the Plaintiffs-Appellants failed to satisfy the notice requirements set forth in both the Lease and section 1161(3), we do not need to reach the alternative ground for dismissal, namely that Plaintiffs-Appellants are precluded from filing suit under the licensing provision of Guam Government Code section 11607.[2] Accordingly, we affirm the district court's dismissal of the complaint with prejudice.
 
 
 23
 Because the arguments of error presented by the Plaintiffs-Appellants are wholly without merit, we grant the Defendants-Appellees' request for sanctions. See Grimes v. C.I.R., 806 F.2d 1451, 1454 (9th Cir.1986); 28 U.S.C. § 1912; Fed.R.App.P. 38. The matter is remanded to the district court to assess attorney's fees and single costs to the Defendants-Appellees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 In interpreting Guam codes, we refer to the law of California, from which the Guam codes were derived. California cases written prior to 1933 are controlling, while later cases are persuasive. Morta v. Korea Ins. Corp., 840 F.2d 1452, 1456 n. 5, 1459 (9th Cir.1988)
 
 
 [2]
 Plaintiffs-Appellants also argue for the first time on appeal that the Defendants-Appellees should not be granted relief from forfeiture pursuant to Guam Civil Procedure Code section 1179. We are unaware of the existence of a successful forfeiture proceeding below or in another collateral proceeding, and certainly will not entertain any back-ended attempt to instigate one here. See United States v. State of Oregon, 769 F.2d 1410 (9th Cir.1985); Fed.R.App.P. 38