988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis R. TOMBURELLO; Annette C. Tomburello, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 92-70440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States Tax Court, Tax Ct. No. 10301-85.
 AFFIRMED WITH SANCTIONS.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis R. and Annette C. Tomburello appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue's (Commissioner) determination of a tax deficiency and additions to tax for the tax year 1981. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court's conclusions of law de novo and findings of fact for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm and impose damages in the amount of $1,000 against the Tomburellos for bringing a frivolous appeal.
 
 
 3
 Louis Tomburello is a "21" card dealer in Reno, Nevada. The Commissioner determined that he failed to report his tip income for the tax year 1981. The tips were in the form of "tokes", or casino chips, that players either give directly to the dealer or place as a bet for the dealer. The Commissioner reconstructed Louis' tip income through records maintained by the casino and determined a deficiency against the Tomburellos jointly. After a hearing on the Tomburellos' petition for redetermination, the tax court upheld the Commissioner's deficiency determination.
 
 
 4
 On appeal, the Tomburellos contend, as they did below, that Louis' tip income is not taxable. This contention lacks merit. Tips received in the form of tokes are taxable income. See Olk v. United States, 536 F.2d 876, 879 (9th Cir.), cert. denied, 429 U.S. 920 (1976).
 
 
 5
 The Tomburellos also contend the tax court erroneously relied on the tax court's decision in Petrie v. Commissioner, 59 T.C.M. (CCH) 275 (1990) because Petrie is distinguishable from this case. As a basis for distinction, the Tomburellos state that their "trial is completely presented on an individual basis, and is in fact different." We are not persuaded that the tax court should not have relied on Petrie merely because the Tomburellos were not parties in that case. Moreover, the facts of Petrie are sufficiently similar to the facts of this case that we are satisfied the tax court did not err by relying on Petrie.
 
 
 6
 The Tomburellos cite to 29 U.S.C. § 203(m), a provision of the Fair Labor Standards Act that defines the term "wage", but do not state how this provision applies to this case. They apparently are referring to the portion of the provision relating to the amount by which the minimum wage of a tipped employee is deemed to be increased to account for tips. See id. The issue here, however, is whether Louis' toke income is taxable. Accordingly, section 203(m) is inapplicable.
 
 
 7
 The tax court imposed $4,000 in damages as a penalty against the Tomburellos for filing a frivolous petition. The tax court did not abuse its discretion by doing so, especially in light of the fact that the Tomburellos litigated the issue of whether tokes are taxable income once before and lost. See Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986); Tomburello v. Commissioner, 86 T.C. 540 (1986), aff'd, 838 F.2d 474 (9th Cir.1988).
 
 
 8
 The Commissioner requests sanctions against the Tomburellos for filing a frivolous appeal. This appeal is frivolous because the result is obvious and the Tomburellos' arguments are wholly without merit. See Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988); Olk, 536 F.2d at 879. Moreover, that this appeal is frivolous should have been apparent to the Tomburellos given the result in their previous litigation. Therefore, although the Tomburellos are pro se litigants, in exercise of our discretion we impose damages in the amount of $1,000 as a sanction against them. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1009.
 
 AFFIRMED WITH SANCTIONS.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Tomburellos' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Tomburellos raised other issues before the tax court but do not address those issues on appeal. Those issues are therefore deemed waived. See Wilcox, 848 F.2d at 1008 n. 2