996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellant,
v.
Robert BAYER, Defendant-Appellee.
 No. 93-15140.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal N. Wiideman, a Nevada state prisoner, appeals pro se the district court's orders (1) granting defendant's motion for sanctions pursuant to Fed.R.Civ.P. 26(g); and (2) directing Wiideman to pay defendant $537.50 in attorney's fees pursuant to the sanction order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review for abuse of discretion the district court's orders imposing sanctions on Wiideman. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir.1988) (per curiam) (Fed.R.Civ.P. 37 sanctions); Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986) (Fed.R.Civ.P. 11 sanctions); accord Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir.1993) (Rule 26(g) sanctions).
 
 
 4
 This appeal stems from a document Wiideman sent to defendant containing 69 requests for admission. Defendant, claiming Wiideman's requests were inflammatory and irrelevant and designed solely to annoy and harass defendant, moved for sanctions against Wiideman pursuant to Rule 26(g). The district court granted defendant's motion and ordered defendant to submit a statement of attorney's fees reasonably incurred as a result of Wiideman's requests for admission. Defendant submitted the statement and the district court ordered Wiideman to pay the amount requested, $537.50.
 
 
 5
 Wiideman, who was proceeding pro se, signed the document containing the requests for admission and thus certified that the requests were proper under Rule 26(g).[1] We have reviewed the requests for admission Wiideman submitted to defendant to determine whether they were reasonable under the circumstances. Cf. Fed.R.Civ.P. 26(g) advisory committee notes (stating: "The duty to make a 'reasonable inquiry' [under Rule 26(g) ] is satisfied if the investigation ... and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by Rule 11."); Zaldivar, 780 F.2d at 828-29 (holding that the standard under Rule 11 is objective).
 
 
 6
 We conclude the district court did not err by finding that Wiideman submitted the requests for admission for an improper purpose. Virtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant. Because Wiideman violated Rule 26(g), the district court was required to impose an appropriate sanction. See Fed.R.Civ.P. 26(g) ("[i]f a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification ... an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee" (emphasis added)); id. advisory committee notes ("Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions"); accord Malautea, 987 F.2d at 1545 (stating that "Rule 26(g) makes the imposition of 'an appropriate sanction' mandatory if a discovery request ... is interposed for an improper purpose"). Under the circumstances of this case, the district court did not err by requiring Wiideman to pay defendant's request for $537.50 in attorney's fees.
 
 
 7
 Wiideman contends the district court erred because the parties settled this case in 1990 without an award of fees or costs. The record shows, however, that the district court dismissed this action because Wiideman failed to pay the filing fees.[2] In addition, although exhibits in the record show Wiideman has settled a number of cases, those exhibits do not indicate either that this case was among those settled or that defendant waived the right to seek fees and costs. For these same reasons, this case is distinguishable from the case Wiideman relies on, Riverhead Sav. Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1112 (9th Cir.1990) (party seeking sanctions "released all right, claim and interest in any outstanding and unpaid monetary sanctions as part of the settlement").
 
 
 8
 Defendant requests sanctions against Wiideman for filing a frivolous appeal. We have discretion to impose sanctions against an appellant when the result of the appeal is obvious and the arguments of error are wholly without merit. See 28 U.S.C. § 1912; Fed.R.App.P. 38; Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). Wiideman's arguments are wholly without merit but we cannot say the result of this appeal was obvious. Therefore, in exercise of our discretion we deny defendant's request for sanctions. See 28 U.S.C. § 1912; Fed.R.App.P. 38.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 26(g) provides that the litigant's signature
 constitutes a certification that the signer has read the request, ... and that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.
 Id.
 
 
 [2]
 In its order granting defendant's motion for sanctions, the district court also found that Wiideman, who had been granted in forma pauperis ("IFP") status, was no longer a pauper. The court withdrew Wiideman's IFP status, and ordered him to pay the appropriate fees