1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Howard E. FORMAN; Maria D. Forman, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70845.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard E. Forman and Maria D. Forman appeal pro se the tax court's dismissal for failure to state a claim upon which relief can be granted of their petition for dismissal of deficiencies imposed against them by Commissioner of Internal Revenue (Commissioner) for the tax years 1985 through 1989. The tax court also imposed a $5,000 penalty on the Formans under 26 U.S.C. 6673(a). We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm both the dismissal and the imposition of the penalty. We also impose $1,500 damages as a sanction against the Formans for filing a frivolous appeal.
 
 
 3
 We review de novo the tax court's dismissal of an action for failure to state a claim. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). We review the tax court's imposition of a penalty under 26 U.S.C. Sec. 6673 for abuse of discretion. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam).
 
 
 4
 * The Commissioner's deficiency determinations as to the taxes and penalties owed by the Formans are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Accordingly, in challenging these determinations in the tax court, the Formans had the burden of proving the determinations incorrect. See id. The Formans were required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. Sec. 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 5
 We note that after determining that the Forman's original petition failed to state a claim, the tax court ordered the Formans to amend their petition to include clear and concise assignments of error and specific facts in support of their claims as required by Tax Court Rule 34. The tax court also warned that it had the authority to impose sanctions for the pursuit of any frivolous action.
 
 
 6
 The Formans failed to carry their burden in their amended petition. Instead they merely continued to contend, as they do on appeal, that they are nonresident aliens whose income is not taxable. However, they failed to allege any specific facts to support this contention, in fact they concede on appeal that they were born in the United States. We find that the tax court properly dismissed their petition for failure to state a claim upon which relief can be granted.
 
 II
 
 7
 The tax court's imposition of a $5,000 penalty on the Formans pursuant to 26 U.S.C. Sec. 6673 for filing a frivolous petition was not an abuse of discretion. See Grimes, 806 F.2d. at 1454.
 
 III
 
 8
 The Commissioner requests sanctions against the Formans for filing a frivolous appeal. This appeal is frivolous because the result is obvious and the Formans' arguments are wholly without merit. See Wilcox, 848 F.2d at 1009. Therefore, although the Formans are pro se litigants, in exercise of our discretion we impose damages in the amount of $1,500 as a sanction against the Formans. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d 1008-09.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3