Peter T. STORAASLI, Petitioner—
Appellant,

v.

INTERNAL REVENUE SERVICE,
UNITED STATES of America, ex
rel., Respondent—Appellee.

No. 04–35937.
D.C. No. CV–04–01752–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Peter T. Storaasli, Woodinville, WA, pro
se.

Anthony T. Sheehan, Attorney, DOJ—
U.S. Department of Justice, Washington,
DC, for Respondent–Appellee.

Before KLEINFELD, TASHIMA, and
THOMAS, Circuit Judges.

MEMORANDUM**

Peter T. Storaasli appeals pro se the
district court's sua sponte dismissal of his
action to quash a third-party summons
served by the Internal Revenue Service
("IRS") upon the Bank of America to de-
termine Storaasli's income tax liabilities
for 2002 through 2003. We have jurisdic-
tion pursuant to 28 U.S.C. § 1291. We
review factual issues for clear error and
legal questions de novo, *see Ponsford v.
United States,* 771 F.2d 1305, 1307 (9th
Cir.1985), and we affirm.

The district court properly dismissed
Storaasli's action despite the IRS's alleged

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

refusal to cite a statute creating tax liability, because Storaasli's own pleadings showed he had offshore bank accounts and that he did not file taxes for 2002 or 2003. Section 1 of the Internal Revenue Code imposes a tax liability on the taxable income of every individual. *See Grimes v. Comm'r,* 806 F.2d 1451, 1453 (9th Cir. 1986). IRC § 7602(a) explicitly gives the IRS the authority to issue a summons for the purpose of, among other things, "making a return where none has been made" and "determining the liability of any person for any internal revenue tax." *See United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984) (noting that the purpose of summons statute is not to accuse but to inquire).

Storaasli's contention that the district court violated the requirements of Federal Rule of Civil Procedure 52(a) by failing to render written findings of fact and conclusions of law is without merit because Rule 52(a) states: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Furthermore, the district court's order was sufficiently reasoned to permit informed appellate review. *See United States v. Vetco, Inc.,* 691 F.2d 1281, 1285 (9th Cir.1981).

**AFFIRMED.**