Lawrence WILLIAMS; et al.,
Plaintiffs—Appellants,

v.

UNITED STATES of America; et
al., Defendants—Appellees,

and

Franchise Tax Board, State of
California, Defendant.

No. 05–56328.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2007.*

Filed July 3, 2007.

Noel W. Spaid, Esq., Del Mar, CA, for
Plaintiffs–Appellants.

Randolph L. Hutter, Esq., Robert W.
Metzler, Esq., U.S. Department of Justice,
Tax Division, Washington, DC, for Defendants–Appellees.

Gregory S. Price, Esq., Office of the
California Attorney General, San Diego,
CA, for Defendant.

Before: HALL and CALLAHAN,
Circuit Judges, and STROM **, Senior
Judge.

MEMORANDUM ***

Taxpayers, Lawrence Williams and Kathryn Hanes, filed this action against the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

United States, seeking declaratory relief in the form of an order declaring that unspecified federal tax obligations owed by the taxpayers were "extinguished by operation of law" because they had tendered "offers to perform" pursuant to California Code of Civil Procedure § 1485 to the Internal Revenue Service ("IRS") and the IRS failed to respond to the "offers to perform." The United States moved to dismiss, asserting that the district court lacked subject matter jurisdiction because the United States had not waived its sovereign immunity for purposes of this suit. The United States also asserted that this suit was barred both by the Anti–Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Finally, the United States asserted that the suit should be dismissed because the taxpayers had failed to properly obtain service upon the Attorney General.

The United States District Court for the Southern District of California granted the United States' motion to dismiss on three grounds: (1) that the United States had not waived sovereign immunity; (2) that the suit was barred by the Anti–Injunction Act; and (3) that the suit was barred by the Declaratory Judgment Act. Williams and Hanes timely appealed the district court's order.

## I. STANDARD OF REVIEW

Whether the district court properly dismissed the taxpayers' action for lack of jurisdiction is reviewed *de novo*. *See Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir.2004).

## II. DISCUSSION

### A. Sovereign Immunity

■ "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985). Taxpayers have the burden of showing that the United States has unequivocally waived its sovereign immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987). Appellants have not met this burden.

The Internal Revenue Code provides taxpayers two methods in which to dispute a tax deficiency. A taxpayer can contest a proposed tax deficiency in the United States Tax Court without first paying the deficiency. 26 U.S.C. § 6213. A taxpayer also may pay the tax at issue in full and then file a suit seeking a refund in district court. 26 U.S.C. § 7422. *See South Carolina v. Regan*, 465 U.S. 367, 386, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). These are the only alternatives under which the United States waives its sovereign immunity and consents to be sued in regard to federal income taxes. Williams and Hanes have not elected either of these two options, and they have failed to avail themselves of the limited waiver of sovereign immunity provided. Accordingly, the district court correctly held that sovereign immunity had not been waived and dismissed the complaint because the district court lacked jurisdiction.

### B. Other Grounds for Dismissal

The appellee also alleged that appellants' claim is barred by both the Declaratory Judgment Act ("DJA") and the Anti–Injunction Act. *See* 26 U.S.C. § 7421(a) (barring any suit "for the purpose of restraining the assessment or collection of any taxes"); 28 U.S.C. § 2201(a) (stating that the DJA is inapplicable to actions "with respect to Federal taxes"); *see also*

ed by 9th Cir. R. 36-3.

*Regan,* 465 U.S. at 386, 104 S.Ct. 1107. We have reviewed both Acts and find that each Act bars Williams' and Hanes's action.

## C. Sanctions

■ The United States claims Williams and Hanes's appeal is frivolous and asks us to impose sanctions of $8,000, jointly and severally, upon Williams, Hanes and their attorney Noel Spaid. Attorney Spaid, in turn, requests us to impose sanctions against the United States and its attorney in the amount of $4,375, claiming the United States' motion for sanctions was itself a frivolous motion.

The Court of Appeals has discretion under 28 U.S.C. § 1912 and Fed. R.App. P. 38 to award sanctions to an appellee where the appellant raises frivolous and baseless arguments. An appeal is frivolous if it: (1) lacks a factual basis; (2) advances arguments that are unwarranted by existing law or a good faith argument for the alteration of an existing law; or (3) is taken for an improper purpose. *Grimes v. Comm'r. of Internal Revenue,* 806 F.2d 1451, 1454 (9th Cir.1986).

We find that Williams' and Hanes's appeal is frivolous and grant the United States' request for sanctions against Williams, Hanes, and Spaid, jointly and severally, in the amount of $8,000. Appellants assertion that they may initiate this suit outside the scheme provided by statute is frivolous on its face. Furthermore, it appears that plaintiffs did not even comply with the California statute. Williams' and Hanes's request for sanctions against the United States and its attorney is denied.

**AFFIRMED.**