**Russell C. JAY, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 07–70384.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Russell C. Jay, pro se.

Randolph L. Hutter, Eileen J. O'Connor, Jonathan S. Cohen, U.S. Department of Justice, Robert R. DiTrolio, Donald L. Korb, Washington, DC, for Respondent– Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Russell C. Jay appeals pro se from the tax court's order dismissing for failure to

---

\* The panel unanimously finds this case suitable for decision without oral argument and there-

fore denies Jay's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-

state a claim his petition challenging the Commissioner's imposition of a levy in a collection action. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review de novo. *Grimes v. Commissioner*, 806 F.2d 1451, 1453 (9th Cir.1986) (per curiam). We affirm.

■ The tax court properly dismissed Jay's petition for failure to state a claim because he did not set forth a clear and concise assignment of error or any facts demonstrating error in the Commissioner's determinations. *See* Tax Ct. R. 34(b)(4); *Grimes*, 806 F.2d at 1453–54.

The tax court also acted within its discretion when imposing a 26 U.S.C. § 6673 penalty against Jay for taking a frivolous position. *See Grimes*, 806 F.2d at 1454.

Jay's remaining contentions are unpersuasive.

■ Because the arguments raised in Jay's appeal are frivolous and duplicate the arguments raised in his previous appeal, we grant the government's request for $8,000 in sanctions, an amount not contested by Jay. *See* Fed. R.App. P. 38; *Grimes*, 806 F.2d at 1454.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.