**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DONALD MACPHERSON,

        Petitioner-Appellant,

 and

ESTATE OF JUDITH A. MAY,
DECEASED; et al.,

        Petitioners,

 v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No.   16-71795

Tax Ct. No. 14545-12L

MEMORANDUM[*]

---

DONALD MACPHERSON,

        Petitioner-Appellant,

 and

LEONARD L. BEST and EVELYN R.
BEST,

        Petitioners,

No.   16-72599

Tax Ct. No. 26662-10L

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

Appeal from a Decision of the
United States Tax Court

Submitted November 14, 2017[**]
San Francisco, California

Before: THOMAS, Chief Circuit Judge, PAEZ, Circuit Judge, and SAVAGE,[***] District Judge.

Attorney Donald W. MacPherson appeals the Tax Court's imposition of sanctions in two cases in which he counseled his taxpayer clients to maintain frivolous positions. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

The Tax Court did not abuse its discretion in ordering MacPherson to pay excess costs pursuant to 26 U.S.C. § 6673(a)(2). *See Grimes v. CIR*, 806 F.2d

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Timothy J. Savage, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1451, 1454 (9th Cir. 1986) (standard of review). MacPherson "multiplied the proceedings in [both cases] unreasonably and vexatiously." 26 U.S.C. § 6673(a)(2). He "knowingly or recklessly raise[d] a frivolous argument." *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co. Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996). On behalf of his clients, he advanced a position contrary to established law and unsupported by fact. In a signed declaration, he represented that he knew his position would be unsuccessful. The Tax Court appropriately ordered MacPherson to pay only those costs incurred in responding to MacPherson's frivolous arguments. *See Moore*, 78 F.3d at 435.

**AFFIRMED.**