**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGUEI SILAEV, | No. 16-16819 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-CV-2551-JAT |
| v. | |
| SWISS-AMERICA TRADING CORP., | |
| Defendant-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,**
District Judge.

This appeal arises out of a consumer dispute between Serguei Silaev

("Silaev"), a coin collector, and Swiss-America Trading Corporation ("SATC"), a

dealer of numismatic and precious metal coins. Silaev appeals from the district

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

court's grant of summary judgment in favor of SATC on his various common law claims. In addition, Silaev appeals the district court's grant of attorneys' fees against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *see Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), and we review the district court's award of attorneys' fees for an abuse of discretion*, see Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). We affirm.

**Summary Judgment.**[1] SATC moved for summary judgment on Silaev's claims, arguing that the claims were barred by the statute of limitations, and that there were no triable issues of material fact. We affirm on multiple grounds.

First, the district court did not abuse its discretion in finding that SATC's statement of the facts was undisputed, given that Silaev did not file a separate, contravening statement of facts in conjunction with his response in opposition to SATC's motion for summary judgment. *See* D. Ariz. LRCiv. 7.2(i), 56.1(b) (requiring a party opposing a motion for summary judgment to file a statement, separate from its memorandum of law, setting forth a statement of facts and any additional evidence that establishes a genuine issue of material fact); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth abuse of discretion

---

[1] Silaev's opposed motion to supplement the record on appeal is denied as unnecessary.

standard of review for district court's determination of compliance with local rules).

Additionally, the district court properly granted summary judgment on Silaev's negligence and negligent misrepresentation claims because they are barred by the applicable statute of limitations under Arizona law. *See Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1388 (Ariz. Ct. App. 1994) (holding that "a negligent misrepresentation action brought on a negligence per se theory" is subject to the two-year statute of limitations set out in A.R.S. § 12-542). The district court properly found that Silaev's negligence and negligent misrepresentation claims arose—at the latest—when Silaev, through counsel, sent SATC a demand letter, seeking damages and attorney's fees, on July 30, 2012. Silaev did not bring suit until October 15, 2014—several months after the statute of limitations had run.

Finally, the district court properly granted summary judgment as to the remaining claims because Silaev failed to establish each element of his claims with sufficient evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The only evidence that Silaev offered in opposition to SATC's motion was a four-page affidavit that he himself authored, which contradicted his earlier testimony. Applying the sham affidavit rule, the district court did not abuse its discretion in

partially disregarding it. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079–80 (9th Cir. 2012); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

Crediting the uncontradicted statements within the affidavit, the district court properly found that Silaev could not establish the essential elements of his claims for: (1) fraud, considering that Silaev failed to provide evidence of, *inter alia*, a materially false representation, *see Comerica v. Mahmoodi*, 229 P.3d 1031, 1033–34 (Ariz. Ct. App. 2010), and generally relied on statements concerning future events and opinions as the basis of his fraud claim, *see Caruthers v. Underhill*, 287 P.3d 807, 816 (Ariz. Ct. App. 2012); *McAllister v. Citibank (Arizona)*, 829 P.2d 1253, 1260 (Ariz. App. Ct. 1992); (2) breach of contract, given that Silaev did not offer any evidence that SATC breached the contract between them, *see Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013); (3) breach of warranty, because Silaev did not offer proof of a warranty; and (4) negligence and negligent misrepresentation, as Silaev generally failed to show that SATC owed him a duty, or even if a duty was owed, how the duty was breached, *see KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 411–12 (Ariz. Ct. App. 2014).

Accordingly, because Silaev failed to come forward with sufficient evidence as to each element of his claims, the district court properly granted summary

judgment in favor of SATC.

**Attorney's Fees.**  We review a district court's award of attorney's fees for an abuse of discretion, *see Childress*, 357 F.3d at 1011, and we review the factual findings underlying the district court's award for clear error, *see La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010).  Here, we are not left with the definite and firm conviction that the district court erred in awarding or calculating SATC's attorney's fees.  *See* Ariz. Rev. Stat. § 12–341.01 (permitting an award of reasonable attorney's fees to the successful party in a contested action arising out of express or implied contract).

**Motion for Sanctions.**  SATC has filed a motion for sanctions on appeal. *See* Fed. R. App. P. 38; *Grimes v. Commissioner*, 806 F.2d 1451, 1454 (9th Cir. 1986) (per curiam) ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.").  Although a close call, we deny the motion.

**AFFIRMED.**