**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP AND TONYA MANN, | No. 16-16027 |
| Petitioners-Appellants, | D.C. No. 2:14-CV-2552-ROS |
| v. | |
| SWISS-AMERICA TRADING CORP., | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**] District Judge.

This appeal arises out of a consumer dispute between Philip and Tonya Mann (the "Manns"), coin collectors, and Swiss-America Trading Corporation ("SATC"), a dealer of numismatic and precious metal coins.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

The Manns appeal from the district court's grant of summary judgment in favor of SATC on their various common law claims.  In addition, the Manns appeal the district court's grant of attorney's fees against them.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a grant of summary judgment, *see Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), and we review the district court's award of attorney's fees for an abuse of discretion, *see Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004).  We affirm.

**Summary Judgment.**[1] The district court properly granted summary judgment because the Manns did not come forth with sufficient evidence after SATC showed that the Manns could not carry their burden at trial.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

The district court did not abuse its discretion in finding that SATC's statement of facts was undisputed, given that the Manns did not file a separate, contravening statement of facts in conjunction with their response in opposition to SATC's motion for summary judgment.  *See* D. Ariz. LRCiv. 7.2(i), 56.1(b) (requiring a party opposing a motion for summary judgment to file a statement,

---

[1] Appellants' opposed motion to supplement the record on appeal is denied as unnecessary.

separate from its memorandum of law, setting forth a statement of facts and any additional evidence that establishes a genuine issue of material fact); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth abuse of discretion standard of review for district court's determination of compliance with local rules). Moreover, the district court did not abuse its discretion in applying the sham affidavit rule to disregard the portions of Philip Mann's affidavit that contradicted his earlier deposition testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079–80 (9th Cir. 2012); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

Crediting the uncontradicted statements within the affidavit, the district court properly found that the Manns could not establish the essential elements of their claims for: (1) fraud, as the Manns offered no evidence establishing a material false misrepresentation, *see Comerica v. Mahmoodi*, 229 P.3d 1031, 1033–34 (Ariz. Ct. App. 2010); (2) breach of contract, as the Manns did not provide evidence showing how the contract was breached or the damages suffered as a result of the breach, *see Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013); (3) breach of warranty, as the Manns did not identify the existence of a warranty or prove how it was breached; and (4) negligence and negligent misrepresentation, as the Manns generally failed to show that SATC owed them a

duty or how the duty, if any, was breached, *see KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 411–12 (Ariz. Ct. App. 2014).

Because the Manns failed to come forward with evidence as to each element of their claims, the district court properly granted summary judgment in favor of SATC.

**Attorney's Fees.** We review a district court's award of attorney's fees for an abuse of discretion, *see Childress*, 357 F.3d at 1011, and we review the factual findings underlying the district court's award for clear error, *see La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). Here, we are not left with the definite and firm conviction that the district court erred in awarding or calculating SATC's attorney's fees. *See* Ariz. Rev. Stat. § 12–341.01 (permitting an award of reasonable attorney's fees to the successful party in a contested action arising out of express or implied contract).

**Motion for Sanctions.** SATC has filed a motion for sanctions on appeal. *See* Fed. R. App. P. 38; *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir. 1986) (per curiam) ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit."). Although a close call, we deny the motion.

**AFFIRMED.**