15 F.3d 1088
 73 A.F.T.R.2d 94-800
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. RINTOUL, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Taxpayer Michael Rintoul appeals pro se the tax court's dismissal for failure to state a claim of his petition for redetermination of tax deficiencies and additions to tax asserted against him by the Commissioner of the Internal Revenue Service ("Commissioner") for the tax years 1985, 1986, 1987, and 1988. The tax court also imposed a $5,000 penalty under 26 U.S.C. Sec. 6673. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm both the dismissal and the imposition of the penalty. We also impose $1,500 damages as a sanction against Rintoul for filing a frivolous appeal.
 
 
 4
 We review de novo the tax court's dismissal of an action for failure to state a claim. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). We review for abuse of discretion the tax court's imposition of a penalty under 26 U.S.C. Sec. 6673. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 5
 * The Commissioner's deficiency determinations as to the taxes and penalties owed by Rintoul are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Rintoul had the burden of proving that the determinations were incorrect. See id. Rintoul was required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. Sec. 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 6
 Rintoul failed to carry his burden. He agreed he earned income during the years at issue, and he did not challenge the Commissioner's calculations of liability. Instead, Rintoul argued, as he does on appeal, that he is not a "taxpayer" and that the federal income tax is unconstitutional because it is a direct, unapportioned tax. Both claims are meritless.
 
 
 7
 The Internal Revenue Code defines "taxpayer" as "any person subject to any internal revenue tax." 26 U.S.C. Sec. 7701(a)(14). Every individual who is a citizen or resident of the United States is subject to income taxation. 26 U.S.C. Sec. 1; Treas.Reg. Sec. 1.1-1(a)(1). Therefore, Rintoul is a taxpayer. See also United States v. Studley, 783 F.2d 934, 937 n. 3 (9th Cir.1986).
 
 
 8
 Federal income taxation, while not always popular, is not unconstitutional. See U.S. Const. amend. XVI; United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to citizens"); Wilcox, 848 F.2d at 1008 n. 3.
 
 II
 
 9
 The tax court imposed a $5,000 penalty on Rintoul pursuant to 26 U.S.C. Sec. 6673 for filing a frivolous petition. The tax court did not abuse its discretion by doing so. See Grimes, 806 F.2d at 1454.
 
 III
 
 10
 The Commissioner requests sanctions against Rintoul for filing a frivolous appeal because the result is obvious and Rintoul's arguments are wholly without merit. See Wilcox, 848 F.2d at 1009. Although Rintoul is a pro se litigant, in exercise of our discretion we impose damages in the amount of $1,500 as a sanction against Rintoul. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09.
 
 
 11
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3