67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James KENNEY, Plaintiff-Appellant,
v.
Charles D. STARK; Jeanne Buckley; Arnold Rosenfield;
Elaine Watters; Rex Sater; Raymond Giordano; John
Gallagher; Sonoma County Superior Court; Lloyd Von Der
Mehden; Office of Education, County of Mendocino; Robert
Marmor; Donna Kenney; James Climo, Defendants-Appellees.
 No. 95-15180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James P. Kenney appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his civil rights action which he brought under 42 U.S.C. Secs. 1983, 1985, and 1986 against Charles D. Stark, Donna Kenney, James Climo, Robert Marmor, the Mendocino County Office of Education[1], the Sonoma County Superior Court, and seven superior court judges (collectively the "defendants"). Kenney alleged that the defendants conspired to deprive him of his constitutional rights by manipulating the judicial system and refusing to abide by California law during Kenney's divorce proceedings. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 James Kenney and Donna Kenney were married over twenty years when they separated and Donna Kenney filed a petition for divorce. Donna Kenney hired Charles Stark to represent her during the divorce proceedings. The proceedings apparently were acrimonious. After the divorce proceedings concluded, James Kenney filed this action alleging that individuals involved in the proceedings violated his constitutional rights. The district court dismissed Kenney's complaint for failure to state a claim, and Kenney timely appeals.
 
 II
 Dismissal
 
 5
 A. Defendants Buckley, Gallagher, Rosenfield, Watters, Sater, Giordano and Von der Mehden.
 
 
 6
 Kenney contends that the district court erred by dismissing his claims against defendant Judges Buckley, Gallagher, Rosenfield, Watters, Sater, Giordano, Von der Mehden and the Sonoma County Superior Court. This contention lacks merit.
 
 
 7
 Judges are immune from liability for damages in section 1983 actions for acts committed within the scope of their judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (internal quotations omitted).
 
 
 8
 Here, Kenney's complaint merely alleged that defendant judges erred in making various rulings during the course of Kenney's divorce proceeding. However, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-57 (internal quotations omitted); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).
 
 
 9
 To the extent that Kenney contends that these defendants are not entitled to immunity because they conspired to deprive him of his constitutional rights, we reject this contention. Allegations that a judge has conspired with others to deprive a litigant of his rights are insufficient to pierce the immunity extended to judges. See Ashelman, 793 F.2d at 1078. Because Kenney only challenges actions that these defendants made in their capacity as judges, amendment would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).[2] Accordingly, the district court did not err by dismissing these claims. Stump, 435 U.S. at 356-57; Ashelman, 793 F.2d at 1075.
 
 
 10
 B. Defendants Stark, Kenney, Climo, and Marmor
 
 
 11
 Kenney contends that the district court erred by dismissing his claims against his ex-wife, his ex-wife's attorney, his ex-wife's alleged paramour and his own attorney. This contention lacks merit.
 
 
 12
 "To state a claim under Sec. 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); accord, Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990).
 
 
 13
 Here, Kenney's complaint alleged that his ex-wife's attorney, Stark, engaged in discovery abuses, placed a lien on Kenney's property, and violated ethical duties under California law. Kenney's complaint also alleged that Marmor, Kenney's own attorney, failed to prosecute Kenney's case effectively. However, a private attorney performing a lawyer's traditional function cannot be considered to act under the color of state law. See Polk County v. Dodson, 454 U.S. 312, 319 n. 9 (1981).
 
 
 14
 Likewise, Kenney's claims against his ex-wife and his ex-wife's alleged paramour fail because "private parties are not generally acting under color of state law." Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.1991), cert. denied, 112 S.Ct. 1480 (1992).
 
 
 15
 Kenny's section 1985 claim is meritless because he is not a member of a class entitled to protection under that statute. See Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985). Because Kenny's section 1985 claim fails, his section 1986 must also fail. See Trerice v. Pederson, 769 F.2d 1398, 1403 (9th Cir.1985).
 
 III
 Sanctions
 
 16
 Stark requests that monetary sanctions be imposed against Kenney pursuant to Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912 for filing a frivolous appeal. This court issued an order to show cause and Kenney responded. See Fed.R.App.P. 38. It is within the discretion of this court to impose sanctions against any party who files a frivolous appeal. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986). An appeal is frivolous "if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 17
 Because the district court informed Kenney that his action raised no federal claims and because Kenney's appeal is wholly without merit, we award double costs to Stark pursuant to Fed.R.App.P. 38. See Fed.R.App.P. 38; Grimes, 806 F.2d at 1454; Wilcox, 848 F.2d at 1009. In our discretion, however, we decline Stark's request for attorney's fees. See McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kenney voluntarily dismissed the Mendocino County Office of Education pursuant to Fed.R.Civ.P. 41(a)
 
 
 [2]
 To the extent that Kenney contends that the district court erred by dismissing his claim against the Sonoma County Superior Court, we reject this contention because his claim is barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987). To the extent that Kenney challenges the actual decisions rendered by these judges, he may not do so in the district court. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986)
 
 
 [3]
 Kenney's motion styled "request for judicial notice" is denied