Mark SCHRADER, Petitioner— Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.

No. 04–75844.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Mark Schrader, Seattle, WA, pro se.

Charles S. Casazza, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, David I. Pincus, Esq., John Schumann, Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: WALLACE, LEAVY and BERZON, Circuit Judges.

### MEMORANDUM **

Mark Schrader appeals pro se the tax court's order dismissing for failure to state

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a claim his petition seeking a redetermination of federal income tax deficiencies and penalties for tax years 2000 and 2001. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review *de novo, Wilcox v. Commissioner,* 848 F.2d 1007, 1008 (9th Cir.1988), and we affirm.

Contrary to Schrader's contention, the Tax Court properly dismissed his petition because the compensation he received is subject to federal income tax. *See Grimes v. Comm'r,* 806 F.2d 1451, 1453 (9th Cir. 1986) (per curiam). Furthermore, the Tax Court properly sustained the deficiency determination based on Forms 4340 for the years in question. *See e.g., Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993) (holding that Form 4340 is probative evidence in and of itself and shows, in the absence of contrary evidence, that notices and assessments were properly made); *Hughes v. United States,* 953 F.2d 531, 535–36 (9th Cir.1992) (same). Schrader's remaining contentions are unpersuasive.

We grant the Commissioner's motion for sanctions, and refer the matter to the Appellate Commissioner to set the amount of the sanctions award. *See Grimes,* 806 F.2d at 1454 ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit."); Ninth Circuit Rule 39–1.9.

AFFIRMED WITH SANCTIONS.