**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTMED, INC., | No. 12-36008 |
| Plaintiff - Appellee, | D.C. No. 1:05-cv-00333-MHW |
| v. | |
| MICHAEL BYCE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Argued and Submitted May 15, 2014
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

Michael Byce appeals the district court's November 7, 2012 order awarding,

*inter alia*, $41,250 in money damages to JustMed, Inc. (the "Damages Award").

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court properly determined that JustMed could recover as damages the replacement cost of the computer source code that Byce converted. Byce does not dispute liability, and concedes that he converted all versions of the computer source he had developed for JustMed. He likewise does not dispute that JustMed spent $41,250 developing new source code to replace the code he converted. Instead, Byce argues that Idaho conversion law, categorically, does not permit a plaintiff to recover the damages at issue—replacement cost of converted source code. We reject this narrow reading of the law. Idaho permits broad recovery of compensatory and punitive damages, *see Luzar v. W. Sur. Co.*, 692 P.2d 337, 342-43 (Idaho 1984), as well as consequential damages that have been proven with reasonable certainty, *see Nora v. Safeco Ins. Co.*, 577 P.2d 347, 351 (Idaho 1978). The damages at issue here are clearly permissible under *Luzar* and *Nora*.

The district court did not clearly error by finding that Byce's conversion caused JustMed to reproduce the code, nor that it cost JustMed $41,250 to do so. *See Tonry v. Security Experts, Inc.*, 20 F.3d 967, 970 (9th Cir. 1994) (reviewing the district court's factual findings, including the calculation of damages, for clear error), *abrogated on other grounds by Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022 (Cal. 1994). Under Idaho law, damages must be proven with "reasonable

2

certainty." *Griffith v. Clear Lakes Trout Co., Inc.*, 152 P.3d 604, 611 (Idaho 2007).

Here, testimony at trial sufficiently supported the district court's damages award.

*See id.* ("Reasonable certainty requires neither absolute assurance nor

mathematical exactitude; rather, the evidence need only be sufficient to remove the

existence of damages from the realm of speculation."). To the extent that Byce

cites alleged inconsistencies in the trial testimony, the district court as trier of fact

was tasked with resolving these conflicts. *See Anderson v. City of Bessemer City*,

470 U.S. 564, 574 (1985) (stating that a district court's factual findings should be

upheld if they are "plausible in light of the record viewed in its entirety").

The district court did not abuse its discretion by issuing the Damages Award

as a supplemental order to its August 29, 2007 Memorandum Decision, rather than

issuing a new judgment and order. *See Jeff D. v. Kempthorne*, 365 F.3d 844, 850

(9th Cir. 2004) (motion to vacate judgment reviewed for an abuse of discretion).

Byce argues that this court's prior decision in *JustMed, Inc. v. Byce*, 600 F.3d 1118

(9th Cir. 2010), required the district court to vacate its prior judgments in this

matter. The decision, however, did not order that the prior judgments be vacated,

*see id.* at 1131, and the district court's decision to supplement its prior order

therefore did not violate this court's mandate. *See Herrington v. Cnty. of Sonoma*,

3

12 F.3d 901, 904 (9th Cir. 1993) (stating that "the rule of mandate allows a lower court to decide anything not foreclosed by the mandate").

Byce argues for the first time on appeal that, because the district court failed to vacate its prior judgments, he "could well be made to pay continuing interest" on the district court's prior damages award. Because Byce did not properly raise this argument before the district court, and fails to cite a single case supporting his assignment of error, the argument is waived. *See O'Rourke v. Seabord Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (stating that an "argument must be raised sufficiently for the trial court to rule on it"); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) (stating that appellant bears the "burden on appeal to present the court with legal arguments to support its claims").

We deny JustMed's Motion for Attorney Fees on Frivolous Appeal. *See Grimes v. C.I.R.*, 806 F.2d 1451, 1454 (9th Cir. 1986) (noting that "an appeal that lacks merit is not always frivolous").

**AFFIRMED.**[1]

---

[1] Because we have affirmed the Damages Award under the conversion theory, we need not address the alternative theory of recovery under Idaho fiduciary law.