977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. GREENE, Plaintiff-Appellant,
v.
NATIONAL CAR RENTAL SYSTEMS, Incorporated, Defendant-Appellee.
 No. 91-2756.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 28, 1992
Decided: October 16, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-91-1916-S)
 Robert B. Fitzpatrick, FITZPATRICK & VERSTEGEN, Washington, D.C., for Appellant.
 Richard Sampson, Steven R. Becker, Semmes, Bowen & Semmes, Washington, D.C.; Peter John Frazza, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C., Short Hills, New Jersey, for Appellee.
 D.Md.
 Affirmed.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James E. Greene filed a complaint against National Car Rental System, Inc. ("National"), alleging breach of contract when National withdrew its employment offer after Greene had already accepted. Contending that his complaint states a claim for breach of contract and estoppel, Greene appeals the district court's grant of judgment on the pleadings for National. We find no merit to Greene's contentions; consequently, we affirm the district court's order.
 
 
 2
 On May 23, 1989, Frank Gaffney, the General Manager of the Marlow Heights, Maryland, sales lot of National Car Rental Systems, Inc. ("National"), interviewed James E. Greene for the position of Area Car Sales Manager. After a second interview, Gaffney told Greene that, pending the outcome of a background security investigation, he would offer Greene the position.
 
 
 3
 Gaffney called Greene at around noon on June 5, 1989, told him that the background investigation was complete, and officially offered him the job. Accepting the offer, Greene agreed to start work on June 7 and informed Gaffney that he would resign immediately from his position as Sales Manager for Budget Rent-A-Car Corp. ("Budget"). Gaffney endorsed this action.
 
 
 4
 At 1:30 p.m. on June 5, Greene resigned from his job at Budget. Gaffney called Greene at 3:00 to tell him that a problem had arisen: Avis Rental Car ("Avis"), Greene's past employer, had contacted National and reported that Greene had rented cars for personal gain when he was an Avis employee. Greene denied the allegations, but based on Avis's claims Gaffney called Greene the following day and withdrew National's job offer.
 
 
 5
 Greene filed a complaint against National in Maryland circuit court alleging two grounds for relief. First, Greene claimed that he was entitled to compensatory and consequential damages because National breached the employment contract. Second, Greene argued that he reasonably had relied to his detriment on National's promise and therefore was entitled to damages. National removed the action to federal district court based on diversity of citizenship, answered the complaint, and requested a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The district court granted the motion. Greene timely appealed.
 
 
 6
 A district court may grant a motion for judgment on the pleadings if, considering only the pleadings and construing the facts in the light most favorable to the plaintiff, the pleadings fail to state a claim for relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). As with motions under Fed. R. Civ. P. 12(b)(6), an appellate court reviews de novo a district court's grant of a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Bishop v. Federal Intermediate Credit Bank, 908 F.2d 658, 663 (10th Cir. 1990); Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987); Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir. 1986). Cf. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989) (appellate court reviews de novo a district court's grant of a Rule 12(b)(6) motion).
 
 
 7
 Greene contends that he established a claim for breach of contract. In general, "[u]nder Maryland law, an employment contract of indefinite duration is an employment at will which can be terminated without cause by either party." Page v. Carolina Coach Co., 667 F.2d 1156, 1158 (4th Cir. 1982) (citing Adler v. American Standard Corp., 432 A.2d 464, 467 (Md. 1981)). Thus, in Maryland, an at-will employee cannot assert a breach of contract claim against his employer if he is discharged. Where termination of employment violates Maryland public policy, such as where an at-will employee is discharged for exercising his constitutional right to free speech or his statutory right to file a worker's compensation claim, the general rule does not apply. Finch v. Holladay-Tyler Printing, Inc., 586 A.2d 1275, 1280 (Md. 1991); DeBleecker v. Montgomery County, 438 A.2d 1348, 1353 (Md. 1982).
 
 
 8
 In this case, Greene and Gaffney never discussed the duration of the employment contract. Therefore, Greene's employment with National was at-will, see Page, 667 F.2d at 1158 (finding at-will employment where no specific period of employment was discussed), and no action for breach of contract is possible unless Greene's discharge was triggered by his exercise of a protected right. Greene alleges no such circumstances.
 
 
 9
 Attempts to circumvent the general rule that at-will contracts may be terminated by either party at any time by claiming estoppel "have consistently met with failure." Adler v. American Standard Corp., 538 F. Supp. 572, 581 (D. Md. 1982), aff'd in part and rev'd in part on other grounds, 830 F.2d 1303 (4th Cir. 1987). Nevertheless, Greene argues that judgment on the pleadings was improper because a reasonable trier of fact could conclude that National is estopped from denying the existence of a contract.
 
 
 10
 Greene reasons that his resignation from his position with Budget due to accepting the job offer from National, an action he took with National's knowledge and approval, states a claim for estoppel. Greene fails to show that the Maryland courts have recognized an action based on promissory estoppel where the contract is an employment contract for an indefinite duration. We find that the district court properly held that Maryland's clearly expressed at-will employment doctrine precludes Greene's promissory estoppel claim. See Page, 667 F.2d at 1158.
 
 
 11
 Accordingly, we affirm the district court's grant of judgment on the pleadings for National. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED