Joshua NEWTON

v.

The KENIFIC GROUP.

Civil Action No. WMN–14–1532.

United States District Court, D. Maryland.

Signed Oct. 15, 2014.

Gregg Howard Mosson, Stephen B. Lebau, Lebau and Neuworth LLC, Baltimore, MD, for Joshua Newton.

Zachary Lee Erwin, Franklin and Prokopik PC, Baltimore, MD, for The Kenific Group.

### MEMORANDUM

WILLIAM M. NICKERSON, Senior District Judge.

Pending before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint. ECF No. 12. The motion is fully briefed. Upon consideration of the pleadings and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's Partial Motion to Dismiss will be denied.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Joshua Newton alleges that Defendant, the Kenific Group, did not fulfill its promise of employment and brings this action to recover damages arising from his reliance on the proffered job. The facts, as alleged in the Complaint, are as follows.

Plaintiff began looking for new employment in October 2013 while working at Toyota Motor Credit. On October 8, Plaintiff interviewed with Defendant's representative, Kyle Brumby, where Plaintiff alleges he "made it crystal-clear" that he

was secure in his current job and would only accept a position with Defendant if it provided greater compensation. Compl. ¶ 24, ECF No. 2. After the interview, Plaintiff received a written job offer from Defendant for a position as a Senior Program Analyst with a salary of $54,000, a start date of October 28, 2013, and instructions to complete employment forms. The written job offer also stated: "[t]he offer of employment is contingent upon successful completion of the reference background checks," "contingent upon your representation that you are not bound by the terms of any agreement with a previous employer," and "contingent upon [Plaintiff's] execution of the Company's standard employee agreement." Compl. Ex. 1 at 2–3, ECF No. 2–1.[1] The offer was further contingent on acceptance by October 16, 2013. Plaintiff alleges that Defendant did not disclose that employment was subject to any other contingencies and, instead, represented that the prospect of employment was "rock-solid." Compl. ¶ 79.

Plaintiff accepted Defendant's offer and resigned from his former job to be available on the specified start date. On October 21, Defendant informed Plaintiff that it would need to modify the start date pending government approval of Plaintiff's employment. Plaintiff alleges that prior to that date, "Defendant had not represented ... that further review, or any other review, of Plaintiff's credentials was required." Compl. ¶ 50. At Brumby's request, Plaintiff met with Brumby again on October 24 to, allegedly, begin job training. During this meeting, Plaintiff alleges that "Brumby acted as if ... Plaintiff had the job in hand." Compl. ¶ 57.

On October 28, Plaintiff emailed Defendant requesting information on his new start date and Defendant responded that Plaintiff would hear back the next day.

Instead, Defendant did not communicate with Plaintiff until November 4, and shortly thereafter informed Plaintiff that his résumé was rejected by the government. Defendant thereafter allegedly "promised it was not going to leave Plaintiff 'out to dry' " and told Plaintiff he "needed to resign so that Defendant could offer him another position." Compl. ¶¶ 67–68. Plaintiff was "perplexed and disturbed by [this] request" and refused to resign until he was offered another position. Compl. ¶¶ 69–70. No replacement offer was ever made, and, in early November, Plaintiff alleges that Defendant informed him that he would not be hired.

Plaintiff initially brought this action in the Circuit Court for Baltimore County claiming negligent misrepresentation, promissory estoppel, and quantum meruit for services rendered during the interview process. Plaintiff requested both compensatory and punitive damages. Defendant, a Virginia corporation, removed the action to this Court invoking diversity jurisdiction. ECF No. 1. Defendant then filed the instant partial motion to dismiss the counts of negligent misrepresentation and promissory estoppel. ECF No. 12.

## II. *LEGAL STANDARD*

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555, 127 S.Ct. 1955. Rather, the complaint must be supported by factual allegations, "taken as true," that "raise a right to relief above the speculative level." *Id.* at 555–56, 127 S.Ct.

---

**1.** Plaintiff attaches the offer letter as Exhibit 1 to the Complaint.

1955. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 664, 129 S.Ct. 1937; *see also Brockington v. Boykins*, 637 F.3d 503, 505–06 (4th Cir.2011).

## III. DISCUSSION

### A. Negligent Misrepresentation

 The Maryland Court of Appeals recognizes five elements of a negligent misrepresentation claim:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Weisman v. Connors*, 312 Md. 428, 540 A.2d 783, 791 (1988) (citing *Martens Chevrolet v. Seney*, 292 Md. 328, 439 A.2d 534, 539 (1982)). To determine a party's duty of care, Maryland assesses (1) "the ... harm likely to result from a failure to exercise due care" and (2) "the relationship that exists between the parties." *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 515 A.2d 756, 759 (1986). When the harm is limited to economic loss, Maryland additionally requires an "intimate nexus" between the parties similar to "contractual privity or its equivalent." *Id.* at 759–760. *Relying on Weisman and Lubore v. RPM Assocs., Inc.*, 109 Md.App. 312, 674 A.2d 547 (Md.Ct.Spec.App.1996), Defendant argues in its Motion that Maryland courts have only found this intimate nexus in the context of contractual negotiations between high level executives and have refused to find such a nexus in the context of offers of at-will employment.

Plaintiff responds, correctly, that the Maryland Court of Appeals has directly rejected Defendant's arguments. Pl.'s Opp'n to Mot. to Dismiss at 5–6, ECF No. 14 (citing *Griesi v. Atl. Gen. Hosp. Corp.*, 360 Md. 1, 756 A.2d 548, 556–57 (2000) ("We reject [the defendant's] suggestion that *Weisman* only applies to employment contexts involving high-level executives or to fixed term employment contracts. We did not confine our holding in *Weisman* so narrowly....")). Plaintiff further notes that Defendant misconstrues *Lubore*, which held: "[W]e do not read *Weisman* to eliminate, in all cases, the existence of an "intimate nexus" when the parties are ... negotiating for at-will employment. *Weisman* simply does not address the issue." *Lubore*, 674 A.2d at 559–60.

 Instead of the categorical approach urged by Defendant, the Court of Appeals in *Griesi* evaluated the "intimate nexus"

requirement based on the parties' reasonable knowledge of the purpose of the contact, the reasonable reliance on the information exchanged, and possibility of injury if the information is false or incomplete. 756 A.2d at 554–55. Specifically, the court found a personal interview, several telephone conversations, and a written offer for a non-executive position sufficient to establish the requisite intimate nexus. *Id.* at 550, 556, 559. This Court finds that the facts alleged by Plaintiff are similar to those found dispositive in *Griesi:* the parties conversed over the telephone and email, interviewed in person, and exchanged written documentation of an offer and acceptance with salary terms and a fixed start date. Therefore, this Court finds that Plaintiff has pled an intimate nexus sufficient to establish a duty of care.

Defendant also argues that an employer's right to terminate an employment relationship at will forecloses a claim of negligent misrepresentation. The court in *Griesi* also rejected this argument. The court reasoned that "[t]he employer's post-employment right to terminate the employment relationship logically or legally cannot immunize the employer from liability for a tort committed before the termination occurred." *Griesi*, 756 A.2d at 558. The court noted that the post-employment right to terminate may impact the plaintiff's damages, but "has no effect whatsoever on whether he has plead a cognizable claim." *Id.*

■ In its Reply, Defendant raises an entirely new argument that Plaintiff failed to assert a false statement. For purposes of negligent misrepresentation, the defendant has made a false statement when "the defendant (1) did not know the facts he should have known, failed to investigate facts, or investigated them with less than

reasonable care; (2) knew the facts but used words or other communicative devices poorly; or (3) unreasonably failed to make statements at all, or failed to make statements needed to clarify the plaintiff's understanding." *See Griesi*, 756 A.2d at 554–56 (quoting and relying on Dan B. Dobbs, *The Law of Torts* § 472 (2000)). In his Surreply,[2] Plaintiff counters that the Complaint alleges Defendant made incomplete statements by failing to disclose that his employment was contingent on Government approval: "Defendant then made Plaintiff a rock-solid, written job offer, conditional only on Plaintiff passing security and background checks." Compl. ¶ 77, ECF No. 2. The Court finds that Plaintiff sufficiently pled that Defendant failed to disclose material facts regarding the conditions of his employment.

■ Defendant further argues in its Reply that, even if Plaintiff alleges a "false statement," it does not constitute a "statement of past or present fact." It is true that "predictive statements of future events" are generally not actionable under negligent misrepresentation. *Cooper v. Berkshire Life Ins. Co.*, 148 Md.App. 41, 810 A.2d 1045, 1064 (Md.Ct. Spec.App.2002). Maryland has qualified, however, that statements of a speaker's present intention to perform future acts within his control may support an action for negligent misrepresentation. *Gross v. Sussex Inc.*, 332 Md. 247, 630 A.2d 1156, 1169 (1993) (citing *Weisman*, 540 A.2d at 796). The Court finds that Defendant's alleged false statement—that the offer was "conditional only on Plaintiff passing security and background checks"—may be reasonably construed as a statement of present intention regarding matters within Defendant's control. Therefore, Plaintiff

2. Since the Court finds that Defendant raised new arguments in its Reply, it will grant

Plaintiff's Motion for Leave to File Surreply. ECF No. 18.

sufficiently pled an actionable statement of past or present fact under Maryland law.

Defendant also argues for the first time in its Reply that Plaintiff's "actual employment" forecloses recovery. As evidence of Plaintiff's "actual employment," Defendant offers the hour-and-a-half of "work" Plaintiff performed prior his official start date. ECF No. 17 at 4. *See also* Compl. ¶¶ 52–56. Plaintiff responds that Defendant's characterization of the "training tasks" as Plaintiff beginning work "is preposterous." Pl.'s Surreply at 4, ECF No. 19. The Court finds the merit of Defendant's argument dubious at best. Regardless, Defendant's argument is directly in conflict with the Complaint's allegation that Plaintiff "would not be hired." Compl. ¶ 72. The Court assesses a complaint assuming the allegations are true. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

■ Having found that Plaintiff plausibly alleged the first element of negligent misrepresentation, the Court finds that Plaintiff has also pled the remaining elements to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. Plaintiff alleges that Defendant intended for him to resign from his previous job, that Defendant knew that the job was contingent on Government approval, and that without a job Plaintiff would suffer financial loss. Plaintiff further alleges that he justifiably relied on a "rock solid" job offer from an experienced recruiter and suffered damages when he was not employed. Compl. ¶ 77.

■ While permitting this claim to go forward, the Court notes that, in *Griesi*, the court only found sufficient facts to support "consequential damages in reliance on [defendant's] representations." *Griesi*, 756 A.2d at 559; *see also id.* at 558 (remarking that "[t]he employer's post-employment right to terminate … will have a substantial bearing on the amount of any

damages"). Similarly, the Court finds Plaintiff's damages will be limited to damages arising from Plaintiff's reliance on Defendant's promise of employment.

## B. *Promissory Estoppel*

■ Maryland adopted the Restatement (Second) of Contracts § 90 (1979) for promissory estoppel, which considers four elements:

1) a clear and definite promise;

2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee;

3) which does induce actual and reasonable action or forbearance by the promisee; and

4) causes a detriment which can only be avoided by the enforcement of the promise.

*Pavel Enters., Inc. v. A.S. Johnson Co.*, 342 Md. 143, 674 A.2d 521, 532 (1996). Maryland courts have noted, however, that at-will employment is a "far-reaching rule" such that "attempts to circumvent it by relying on estoppel or similar theories have consistently met with failure." *Adler v. Am. Standard Corp.*, 538 F.Supp. 572, 581 (D.Md.1982). Relying on this principle, Defendant argues that Plaintiff cannot establish reasonable reliance in the context of at-will employment to state a cognizable claim for promissory estoppel.

The Complaint, however, is not attempting to modify an at-will employment relationship. Plaintiff's Surreply is instructive: "Plaintiff has not argued that he had an employment contract for a set term or that Defendant did not describe his promised employment as at-will." ECF No. 19 at 5. Rather, Plaintiff's promissory estoppel claim is based on detrimental reliance on the "same fraudulent statement that

forms the crux of the negligent misrepresentation claim." ECF No. 19 at 5.

The Court believes Maryland offers no binding authority regarding whether reasonable reliance on a *promise* of at-will employment can support a claim of promissory estoppel. Defendant relies on *Greene,* an unpublished Fourth Circuit opinion, where the court, with little discussion, found that Maryland's at-will employment doctrine precludes promissory estoppel. *Greene v. Nat'l Car Rental Sys., Inc.,* 977 F.2d 572, No. 91–2756, 1992 WL 296364 at *2 (4th Cir. Oct. 16, 1992) (Unpublished Disposition, Table of Decisions Without Reported Opinions). In *Greene,* a Budget Rent–A–Car employee quit his job in reliance of an employment offer from National Car Rental that was then rescinded when National learned of prior misconduct on the part of the plaintiff. *Id.* at *1. This Court, however, finds *Greene* distinguishable not only on its facts, but also on the ground that, in that action, the plaintiff was asserting promissory estoppel to establish the existence of a binding employment contract. *Id.* at *2 (noting that the plaintiff argued that the defendant was "estopped from denying the existence of a contract" due to the plaintiff's detrimental reliance).[3]

Instead, the Court is persuaded by the more recent treatment of reasonable reliance by the Maryland Court of Appeals in *Griesi.* To support the viability of reasonable reliance in the context of a promise of at-will employment, the court cited with apparent approval several other jurisdictions that have recognized similar claims. *Griesi,* 756 A.2d at 557 n. 10. Plaintiff argues that one of the cited cases, *Grouse,*

is directly on point. In *Grouse,* the Minnesota Supreme Court permitted a claim of promissory estoppel where an employee resigned from his job to accept an at-will job offer that was later rescinded. *Grouse v. Grp. Health Plan, Inc.,* 306 N.W.2d 114, 115–16 (Minn.1981). The court reasoned that the employee "had a right to assume he would be given a good faith opportunity" to begin work and relied to his detriment on that assumption. *Grouse,* 306 N.W.2d at 116.

Other courts have also recognized a claim of promissory estoppel in the context of a promise of at-will employment. In a factually similar case, the Court of Appeals for the Eighth Circuit reasoned that Illustration 8 of Restatement (Second) of Contracts § 90 is functionally analogous to reliance on a promise of at-will employment:

> A applies to B, a distributor of radios manufactured by C for a "dealer franchise" to sell C's products. Such franchises are revocable at-will. B erroneously informs A that C has accepted the application and will soon award the franchise, that A can proceed to employ salesmen and solicit orders, and that A will receive an initial delivery of at least 30 radios. A expends $1,150 in preparing to do business, but does not receive the franchise or any radios. B is liable to A for the $1,150 but not for the lost profit on 30 radios.

*Bower v. AT & T Techs., Inc.,* 852 F.2d 361, 365 (8th Cir.1988) (citing Restatement (Second) of Contracts § 90, cmt. d, ilus. 8 (1979)).[4] In *Bower,* the court explained that while the franchise contract cannot be

---

**3.** Defendant also relies on Goode where the plaintiff attempted to enforce a promise that she could work as long as she liked to modify her at-will employment. *Goode v. Am. Veterans, Inc.,* 874 F.Supp.2d 430, 451–452 (D.Md.

2012). Like *Greene,* the Court finds *Goode* factually distinguishable.

**4.** As noted above, Maryland has adopted Restatement (Second) of Contracts § 90 (1979).

enforced because it is revocable at-will, the would-be franchisee is still entitled to reliance damages. *Bower*, 852 F.2d 361 at 365.

The Court notes that jurisdictions that recognize promissory estoppel in an at-will context limit available relief to reliance damages. *See e.g., Bower*, 852 F.2d 361 at 365 (limiting relief "as justice requires"); *Grouse*, 306 N.W.2d at 116 (measuring damages based on reliance). Furthermore, since "the promissory estoppel claim rests on the same fraudulent statement" as the negligent misrepresentation claim, ECF No. 19 at 5, Plaintiff's reliance damages would be the same.

## IV. *CONCLUSION*

For the above-stated reasons, the Court will deny Defendant's Partial Motion to Dismiss. A separate order will issue.