NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55185 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-03884-DDP-E |
| v. | |
| IVAN M. FORBES; ELKE J. FORBES, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Ivan M. Forbes and Elke J. Forbes appeal pro se from the district court's

default judgment in the government's action seeking to reduce to judgment federal

income tax assessments. We have jurisdiction under 28 U.S.C. § 1291. We review

for an abuse of discretion the district court's decision to enter a default judgment,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001), and we affirm.

The district court did not abuse its discretion in granting the government's motion for default judgment because the possibility of prejudice to the government, merit of the government's substantive claim, sufficiency of the complaint, unlikely possibility of a dispute concerning material facts, and fact that the default was not due to excusable neglect outweighed the amount of money at stake and the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors to consider in determining whether to enter default judgment). We reject as meritless the Forbes' contentions that the district court lacked jurisdiction, the government lacked authority to bring the action, and the district court judge or the government committed misconduct.

The government's September 10, 2015 motion for sanctions in the amount of $8,000 is granted in part. Because "the result of [the] appeal is obvious and the arguments of error are wholly without merit," we order the Forbeses to pay the government's just damages and single or double costs. *See* 28 U.S.C. § 1912; Fed. R. App. P. 38; *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir. 1986). But we refer the determination of an appropriate amount of just damages and costs to the

2                                                                                    15-55185

Appellate Commissioner, who shall have the authority to enter an order awarding

just damages and costs to the government. *See* 9th Cir. R. 39-1.9.

**AFFIRMED.**